**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

ONY, INC.,

                        **Plaintiff,**

     - vs -

**CORNERSTONE THERAPEUTICS, INC.,**
**CHIESI FARMACEUTICI S.p.A.,**
**NATURE AMERICA, INC.,**
  **d/b/a Nature Publishing Group,**
**EDWARD E. LAWSON, M.D.,**
**AMERICAN ACADEMY OF PEDIATRICS,**
**PREMIER, INC., d/b/a Premier Research Services,**
**RANGASAMY RAMANATHAN, M.D.,**
**JATINDER J. BHATIA, M.D.,**
**FRANK R. ERNST, Pharm.D. and**
**KRISHNAMURTHY C. SEKAR, M.D.,**

                        **Defendants.**

**DECLARATION**

**Case No. 1:11-cv-01027-WMS**

---

| STATE OF NEW YORK | ) |
| COUNTY OF ERIE | ) SS.: |
|  | ) |

     MITCHELL J. BANAS, JR. declares the following to be true under penalty of perjury pursuant to 28 U.S.C. § 1746:

     1.     I am an attorney at law duly admitted to practice before this Court and am a member of Jaeckle Fleischmann & Mugel, LLP, attorneys for plaintiff ONY, Inc. ("ONY") herein.  I make this declaration in support of ONY's cross-motion to amend its Complaint in this action (Docket #53).

2.      Defendant American Academy of Pediatrics' Reply in Support of Its Motion to Dismiss and Response in Opposition to Plaintiff's Cross-Motion for Leave to File and Serve and Amended Complaint (the "AAP Reply" Docket #72) observes that "[i]t is unclear whether ONY seeks leave to amend its complaint outright or only in the event that AAP's motion to dismiss is granted" and then takes the position that ONY's motion is defective for failure to attach a proposed amended pleading as an exhibit to its motion under Local Rule 15(a).  AAP Reply at 8. In contrast, the Media Defendants' Reply Memorandum of Law in Further Support of Their Motion to Dismiss the Complaint (Docket #76) and the Reply in Support of Defendants Cornerstone Therapeutics, Inc. and Chiesi Farmaceutici S.p.A.'s Motion to Dismiss Plaintiff's Complaint (the "Cornerstone Reply") (Docket #78) take the position that they will address the merits of any amendments once a proposed amended pleading is filed pursuant to the local rules. *See* Nature Reply at n.9; Cornerstone Reply at nn.1, 2.

3.      ONY's cross-motion is in the main a conditional one, sought primarily in the event that the Court does find any deficiencies in ONY's present pleading (which, as shown in ONY's opposing papers, is in all principal respects adequate).

4.      In the event, however, the Court requires a proposed pleading on ONY's cross-motion to amend, such a proposed Amended Complaint (as compared to ONY's original Complaint) is annexed hereto as **Exhibit A**.  The proposed amendments are:

A.      Amending original paragraph 35 so as to incorporate the subject Article by reference and set forth *verbatim* the six false statements of facts identified in ONY's papers in opposition to the motions to dismiss.  This amendment responds to the defendants' rather hyper-technical criticism that "the Complaint does not quote any of the six statements.  Nor does it incorporate the text of [the] Article by reference."  Reply Memorandum of Law in Further

Support of Defendant Premier, Inc.'s Motion to Dismiss for Failure to State a Claim ("Premier Reply") at 3. *See also* Reply in Support of Defendants Rangasamy Ramanathan, Jatinder Bhatia, and Krishnamurthy Sekar's Motion to Dismiss Plaintiff's Complaint (Docket #77) at 8.

        B.      Amending original paragraphs 73 and 74 of the Complaint so as to more clearly allege that the Article itself was commercial speech within the meaning of the Lanham Act.  This responds to the argument by Cornerstone and Chiesi that the Complaint "does not allege that the Article itself is commercial advertising or promotion."  Cornerstone Reply at 3.  In this regard, I note that the Complaint does, in the immediately following paragraphs (*i.e.*, 75 and 76) allege specifically that the Article itself contains "false and/or misleading representations of fact as to the relative mortality of infants treated with Curosurf® and Infasurf®" and thus "make[s] misrepresentations as to the nature, characteristics, qualities and efficacy of each" so as to support a Lanham Act claim, thus plainly putting the defendants on notice of the nature of ONY's claim.  This amendment is purely a matter of clarification.

        C.      Amending original paragraph 78 of the Complaint so as to request a trebling of damages and attorneys' fees on ONY's Lanham Act claim as allowed by 15 U.S.C. 1117(a).  ONY's failure to request such additional relief (as it does with respect to its General Business Law § 349 claim) was unintentional.

        D.      Amending original paragraphs 84, 95, 109, 117, 123 and 124 of the Complaint so as to allege the specific identities of lost customers and potential customers.  This is in response to all defendants' claim that ONY failed to plead "special damages" in support of its injurious falsehood claim and to Cornerstone/Chiesi's argument that ONY's tortious interference claim is defective because it failed to allege such identities.  As laid out in the Declaration of Edmund A. Egan, M.D. in support of ONY's cross-motion to amend (Docket

#68), such customer identities only became known after the filing of the Complaint (and, indeed, only after the defendants filed their motions to dismiss).

      E.    Amending ONY's first, second, sixth and seventh claims so as to add requests for injunctive relief, and eliminating those claims for injunctive relief as separate causes of action (as previously contained in the Complaint's eighth and ninth claims).  This is in response to the Nature Defendants and Cornerstone/Chiesi's arguments that ONY's claims for injunctive relief are not separate causes of action but rather are more properly additional items of relief sought by ONY in connection with its other substantive claims against them.

     5.    A review of the attached proposed amended Complaint (as compared to the original Complaint) reveals how minimal, technical, and non-prejudicial these changes are.  ONY's complaint remains otherwise identical, and ONY fully stands behind that pleading as adequately alleging sufficient claims in all the other respects in which the defendants claim it to be deficient, inadequate, or otherwise lacking.

     6.    For the foregoing reasons, ONY's cross-motion to amend should be granted.

DATED:  Buffalo, New York
          February 16, 2012

                          I Declare Under Penalty of Perjury
                          that the Foregoing is True and Correct.

                          Executed on February 16, 2012

                            /s/ Mitchell J. Banas, Jr.
                          Mitchell J. Banas, Jr.
                          JAECKLE FLEISCHMANN & MUGEL, LLP
                          *Attorneys for Plaintiff ONY, Inc.*
                          Avant Building, Suite 900
                          200 Delaware Avenue
                          Buffalo, New York  14202
                          (716) 856-0600
                          mbanas@jaeckle.com

1052210