UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x

ONY, INC., :
                        Plaintiff, :

        - against - : Case No. 11-cv-1027 (WMS)

CORNERSTONE THERAPEUTICS, INC., CHIESI : ECF Case
FARMACEUTICI S.p.A., NATURE AMERICA,
INC., d/b/a NATURE PUBLISHING GROUP,
EDWARD E. LAWSON, M.D., AMERICAN
ACADEMY OF PEDIATRICS, PREMIER, INC.
d/b/a PREMIER RESEARCH SERVICES,
RANGASAMY RAMANATHAN, M.D.,
JATINDER J. BHATIA, M.D., KRISHNAMURTHY
C. SEKAR, M.D. and FRAND R. ERNST, Pharm.D.,

                      Defendants. :

------------------------------------------------------------ x

# MEDIA DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S CROSS-MOTION FOR LEAVE TO AMEND THE COMPLAINT

| DAVIS WRIGHT TREMAINE LLP | WEBSTER SZANYI LLP |
|---|---|
| 1633 Broadway – 27th Floor | 1400 Liberty Building |
| New York, New York 10019 | Buffalo, New York 14202 |
| Tel: (212) 489-8230 | Tel: (716) 842-2800 |
| Fax: (212) 489-8340 | Fax: (716) 845-6709 |

*Counsel for Defendants*
*Nature America, Inc., d/b/a*
*Nature Publishing Group, and*
*Edward E. Lawson, M.D.*

Defendants Nature America, Inc., d/b/a Nature Publishing Group, and Edward E. Lawson, M.D., the Editor of the *Journal of Perinatology* (together, the "Media Defendants"), respectfully submit this memorandum of law in opposition to the cross-motion of plaintiff ONY, Inc. ("ONY") for leave to amend its Complaint (the "Cross-Motion").

## ARGUMENT

ONY's proposed amendments to its Complaint fail to remedy the deficiencies that warrant dismissal of the sole claim that ONY has asserted against the Media Defendants – the Third Claim, for injurious falsehood. Simply put, since the Proposed Amended Complaint (like the original Complaint) fails to state a cognizable injurious falsehood claim against the Media Defendants, the proposed amendments would be futile. Accordingly, the Cross-Motion should be denied. *See, e.g., Desabio v. Howmedica Osteonics Corp.*, No. 09-CV-287S, 2011 WL 4074391, at *7 (W.D.N.Y. Sept. 13, 2011) (Skretny, C.J.) (denying motion to amend complaint on futility grounds).

### I. THE CHALLENGED STATEMENTS CONSTITUTE NONACTIONABLE OPINION

In its brief opposing the Media Defendants' dismissal motion, ONY pointed to six nearly identical statements from the Article which ONY alleges are false; and ONY's Proposed Amended Complaint does nothing more than re-allege these same six statements. *Compare* Dkt. No. 65 ("ONY Opp."), at 5 (quoting statements in the Article that the underlying study found Infasurf to be associated with a greater likelihood of death than Curosurf), *with* Dkt. No. 81-1 ("Proposed Am. Compl."), ¶ 35 (same). ONY has not changed the substance of its injurious falsehood claim one iota.[1]

---

[1] ONY belatedly filed its Proposed Amended Complaint on February 16, 2012, nearly two weeks after it had submitted its Cross-Motion on February 3 (*see* Dkt. No. 53 (Notice of Cross-

The Media Defendants have already fully addressed in their dismissal motion reply brief why these six statements plainly constitute nonactionable opinion.  *See* Dkt. No. 76 ("Reply Br."), at 1-2.  As does the original Complaint, ONY's Proposed Amended Complaint makes clear that ONY is <u>not</u> alleging that the comparative mortality statistics in the Article are false.  Rather, what ONY is challenging in this lawsuit (in both its original <u>and</u> Proposed Amended Complaints) are the "<u>conclusions</u>" to be drawn from the comparative mortality statistics (*see* Proposed Am. Compl. ¶¶ 27, 37) – which pit ONY's <u>theory</u> that "the only scientific explanation for any lower mortality is that the [Curosurf-treated] babies were healthier to start with" (Dkt. No. 6, ¶ 6), against the Authors' competing <u>theory</u> that the "most likely explanation" for the "lower mortality observed in [Curosurf]-treated infants" may be "due to different surfactant doses administered to the infants included in the database."  Article at 6.  The Article's conclusions constitute classic hypothesis and thus nonactionable opinion.  *See* Reply Br. at 1-2.

Since the statements in suit are not actionable, the Proposed Amended Complaint would be futile and the Cross-Motion must be denied.

## II. THE PROPOSED AMENDED COMPLAINT FAILS TO ALLEGE ACTUAL MALICE OR COMMON LAW MALICE BY THE MEDIA DEFENDANTS

The Proposed Amended Complaint also would be futile because it does not plead any facts, new or otherwise, that remedy ONY's patent failure to adequately allege that the Media Defendants published the challenged statements with actual malice or common law malice, both of which are required to plead an injurious falsehood claim.  *See* Dkt. No. 31 ("Dismissal Br."),

---

Motion)), and only after defendant American Academy of Pediatrics noted that Local Civil Rule 15(a) calls for denial of a motion for leave to amend where, as here, the plaintiff fails to submit a proposed amended pleading.  (*See* Dkt. No. 72, at 9).  The Proposed Amended Complaint also comes after ONY had the opportunity to review all the defendants' reply briefs (filed February 13) in further support of their motions to dismiss, and yet still fails to state an injurious falsehood claim.

at 20-24 (failure to allege that the Media Defendants' published the statements with actual malice); *id.* at 24-25 (failure to allege intent to harm ONY, *i.e.*, common law malice); *see also* Reply Br. at 4-7.  For these reasons as well, the Cross-Motion should be denied.

### III. ONY'S CONCLUSORY ALLEGATION OF LOST CUSTOMERS IS INSUFFICIENT TO ALLEGE SPECIAL DAMAGES

ONY's Proposed Amended Complaint purports to cure the Complaint's failure to allege special damages, by identifying four alleged lost customers.  Proposed Am. Compl. ¶ 95 ("Plaintiff has been harmed by lost sales (including but not limited to sales lost from [four identified hospitals])…."); Dkt. No. 54, at 2 (asserting that ONY's proposed amendments are "not 'futile'" because they address defendants' arguments that "ONY's injurious falsehood claims are defective in that they fail to allege 'special damages' in the form of 'lost customers'").  Simply stated, the Proposed Amended Complaint still fails to satisfy the special damages pleading requirement.

Specifically, the Proposed Amended Complaint, like the original Complaint, fails to itemize the particularized damages flowing from each alleged lost customer, as is required to plead special damages.  *See* Dismissal Br. at 12-13.  Thus, even where a plaintiff identifies lost customers, as ONY purports to do in the Proposed Amended Complaint,[2] the plaintiff still must

---

[2] It is not clear that ONY has even lost any customers.  As a threshold matter, the two declarations submitted by ONY President Edmund A. Egan, M.D. are rife with inadmissible hearsay, double hearsay, and argument.  *See* Dkt. Nos. 68, 70.  As co-defendants have pointed out in their recently filed motion to strike (Dkt. No. 84), the Supplemental Egan Declaration (Dkt. No. 70) should be stricken on these grounds (among others).  Moreover, as Dr. Egan acknowledges in his declarations, while ONY's largest U.S. customer purportedly considered switching from Infasurf (Dkt. No. 68, ¶ 4D), ONY was able to convince that customer to remain with ONY (Dkt. No. 70, ¶ 2).  And at least two of the four lost customers alleged in the Proposed Amended Complaint are hospitals that, according to Dr. Egan, are merely "considering" a switch from Infasurf (or no longer considering a switch to Infasurf), but have not actually finalized any decisions.  *See* Dkt. No. 68, ¶¶ 4A-4B (emphasis added).  In other words, Dr. Egan's own declarations undercut the allegations of lost customers pled in the Proposed Amended

3

itemize resulting damages from each lost customer to state a claim for injurious falsehood.  *See, e.g., Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 59 (2d Cir. 2002) (to adequately plead special damages, "the individuals who ceased to be customers, or who refused to purchase, must be named and the exact damages itemized") (emphasis added) (citation and internal quotations omitted); *Alternative Electrodes, LLC v. Empi, Inc.*, 597 F. Supp. 2d 322, 337 (E.D.N.Y. 2009) (dismissing injurious falsehood claim – even where plaintiff named potential customers that allegedly did not purchase plaintiff's product – because plaintiff "does not … itemize the damages resulting from these losses").  As did the original Complaint, the Proposed Amended Complaint alleges only the same generalized "diminution in the inherent value of [ONY's] business."  *See* Proposed Am. Compl. ¶ 95.  Accordingly, since ONY still has not itemized its alleged losses, its Proposed Amended Complaint clearly fails to plead special damages.[3]

---

Complaint.  The questions raised by ONY's own submissions regarding whether it has or has not lost any customers vividly highlight why courts require injurious falsehood plaintiffs to itemize actual damages flowing from each alleged lost customer, which ONY has patently failed to do in its Proposed Amended Complaint.

[3] Nor does the Proposed Amended Complaint remedy the Complaint's failure to plausibly allege that any lost sales are a direct result of the Media Defendants' mere online publication of the Article, when it is defendants Cornerstone and Chiesi who are alleged to have "distribut[ed] the Article … to current and potential customers, including hospitals and physicians nationwide which currently use Infasurf," *i.e.*, to the very customers that the proposed amendments allege have been lost.  Proposed Am. Compl. ¶ 61; *see also* Dismissal Br. at 13-14.  Indeed, Dr. Egan's recent declarations expressly state that the alleged lost customers are the result of Chiesi and Cornerstone's conduct, not the Media Defendants'.  Dkt. No. 68, ¶ 5 ("Chiesi and Cornerstone are in the midst of an insidious campaign to use the Article to divert sales from ONY to themselves."); Dkt. No. 70, ¶ 4 (focusing on Chiesi and Cornerstone's "secondary dissemination of the Article for advertising purposes").  Since the Proposed Amended Complaint (like the original Complaint) does not plausibly allege that ONY's damages were caused by the Media Defendants' conduct, this, too, constitutes a failure to adequately plead special damages.  *See* Dismissal Br. at 13-14.

4

**CONCLUSION**

ONY's Cross-Motion to amend should be denied. In its Proposed Amended Complaint, ONY still fails to adequately plead special damages. Moreover, even if this failure to plead special damages could be remedied, the proposed amendments must still be rejected as futile since the very statements in suit constitute nonactionable opinion, and since ONY has failed to allege facts sufficient to plead either actual malice or common law malice by the Media Defendants.

Dated: New York, New York
February 24, 2012

DAVIS WRIGHT TREMAINE LLP

By:  /s/ Robert D. Balin
    Robert D. Balin
    Victor Hendrickson

1633 Broadway – 27th Floor
New York, New York 10019
Tel: (212) 489-8230
Fax: (212) 489-8340
Email: robbalin@dwt.com
Email: victorhendrickson@dwt.com

Nelson Perel, Esq.
WEBSTER SZANYI LLP
1400 Liberty Building
Buffalo, New York 14202
Tel: (716) 842-2800
Fax: (716) 845-6709
Email: nperel@websterszanyi.com

*Counsel for Defendants*
*Nature America, Inc., d/b/a Nature Publishing*
*Group, and Edward E. Lawson, M.D.*