**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ONY, INC.,<br><br>               Plaintiff,<br><br>    v.<br><br>CORNERSTONE THERAPEUTICS, INC.,<br>et al.<br><br>               Defendants. | Case No. 11-cv-1027-WMS |

**DEFENDANTS CORNERSTONE THERAPEUTICS, INC., CHIESI FARMACEUTICI S.P.A., RANGASAMY RAMANATHAN, JATINDER BHATIA, KRISHNAMURTHY SEKAR, AMERICAN ACADEMY OF PEDIATRICS, PREMIER, INC., AND FRANK ERNST'S REPLY IN SUPPORT OF MOTION TO STRIKE SUPPLEMENTAL DECLARATION OF EDMUND EGAN**

While Defendants would not have objected to ONY supplementing its expedited discovery motion with a supplemental declaration stating that it had become aware that Children's Hospital of Illinois in Peoria, Illinois ("Peoria Children's") decided not to switch from Infasurf to Curosurf, ONY's supplemental declaration did not stop there.  Instead, it cloaked this one piece of relevant, factual information within inadmissible hearsay and inappropriate argument in violation of this Court's Local Rules.  In essence, ONY improperly filed a third brief in support of its motion for expedited discovery to which Defendants are unable to respond.

Notably, ONY's opposition brief does not address Defendants' argument that the Court should strike the Egan Supplemental Declaration because it is not based on Dr. Egan's personal knowledge, apparently conceding this point.  Dr. Egan's lack of personal knowledge regarding the substance of his declaration, specifically the reasons the Medical Director of Peoria Children's allegedly decided not to switch from Infasurf to Curosurf, whether any doctors at Peoria Children's read the Article, or how frequently sales representatives from Cornerstone

Therapeutics, Inc. visit that hospital, Supplemental Decl. ¶¶ 2,5, is reason enough to strike the Egan Supplemental Declaration. *See Sellers v. M.C. Floor Crafters, Inc.*, 842 F.2d 639, 643 (2d Cir. 1988); *Mugno v. Societe Internationale de Telecomms. Aeronautiques, Ltd.*, 2007 U.S. Dist. LEXIS 6573, at *23 (S.D.N.Y. Jan. 30, 2007).

Additionally, ONY's argument that the Federal Rules of Evidence never apply to non-dispositive motions is not supported by case law.  While ONY presented a few examples of cases in which courts chose not to apply the Federal Rules of Evidence to non-dispositive motions in different contexts, there are many analogous cases in which courts held that the Federal Rules of Evidence do apply to such motions and struck declarations or portions of declarations that did not comply with these rules.  *See, e.g. Harrison v. McDonald's Corp.*, 411 F. Supp. 2d 862 (S.D. Ohio 2005) (reliance on hearsay and other inadmissible evidence was inappropriate); *Richards v. Computer Scis. Corp.*, 2004 U.S. Dist. LEXIS 19637, at *1 (D. Conn. Sept. 28, 2004) (striking portions of affidavits submitted in connection with § 216(b) motion because they contained inadmissible hearsay); *McElmurry v. U.S. Bank Nat'l Ass'n*, 2004 U.S. Dist. LEXIS 15233, at *10 (D. Or. July 27, 2004) ("[P]laintiffs are required to show through admissible evidence a 'reasonable basis' for their claim that the employer acted on a class-wide basis."); *Clark v. Dollar Gen. Corp.*, 2001 U.S. Dist. LEXIS 25976, at *4-5 (M.D. Tenn. May 24, 2001) (striking hearsay within declarations).

As the court made clear in *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006), a case cited by ONY, a party presenting a declaration may not be required to comply with the Federal Rules of Evidence in certain circumstances because it has not had the opportunity to take discovery and test the factual basis for its case.  Among the factors considered in determining whether the Federal Rules of Evidence apply to a declaration, and

specifically whether a declaration may contain hearsay, is whether the party submitting the declaration had access to and could have obtained a declaration directly from the source of the original statement at issue. *See Harrison*, 411 F. Supp. 2d at 870.

Here, unlike in each of the cases cited by ONY in which a court held that the Federal Rules of Evidence did not apply to a declaration submitted with a non-dispositive motion, ONY possessed all of the information it needed to present admissible evidence and does not need to take discovery to obtain additional information about the events discussed in the Egan Supplemental Declaration. Dr. Egan's declaration identifies Kathi Mykytiuk, an ONY employee, as the person who spoke directly to the Medical Director at Peoria Children's. ONY provides no explanation for why Ms. Mykytiuk herself could not and did not submit a declaration describing the statements she made to the Medical Director. Likewise, the Egan Supplemental Declaration discusses Dr. Egan's understanding of the reasons the Medical Director decided not to switch to Curosurf, based on Ms. Mykytiuk's relaying to him information about what the Medical Director told her. ONY knows the identity of the Medical Director and provides no explanation for why the Medical Director his/herself could not or did not submit a declaration describing the reasons why he/she decided that Peoria Children's would not switch from Infasurf to Curosurf.

Given that ONY provides no explanation for why the Federal Rules of Evidence should not apply to this particular declaration, the Court should strike all inadmissible hearsay within the declaration. *See Caldwell v. Am. Basketball Ass'n*, 825 F. Supp. 558, 572 (S.D.N.Y. 1993), aff'd, 66 F.3d 523 (2d Cir. 1995). Dr. Egan's statements regarding Ms. Mykytiuk's statements to the Medical Director are hearsay and Dr. Egan's statements regarding Ms. Mykytiuk's retelling to him of what the Medical Director told her are double hearsay, neither of which should be

considered for the truth of the matter asserted unless a hearsay exception applies.  Fed. R. Evid. 802.

In addition to containing inadmissible hearsay, the Egan Supplemental Declaration contains argument, which is inappropriate material for a declaration.  Local Rule 7(a)(3) (an affidavit "must not contain legal arguments"); *Degelman Indus. Ltd. v. Pro-Tech Welding & Fabrication*, 2011 WL 6754053, at *4 (W.D.N.Y. May 31, 2011) (striking attorney affidavit that was argumentative).   Paragraphs 4 and 5 of the Egan Supplemental Declaration consist entirely of arguments in support of ONY's Motion for Expedited Discovery and contain no new facts that ONY learned since Dr. Egan's previous declaration was submitted.  Supplemental Decl. ¶¶ 4, 5.  Additionally, the hearsay and double hearsay in the second paragraph of the Egan Supplemental Declaration is argument itself.  *Id.* at ¶ 2.  ONY did not include this inadmissible evidence to inform the Court that Peoria Children's had decided not to switch to Curosurf, which it could have said in one, non-argumentative sentence.  Instead, ONY elected to submit an argumentative declaration from a person lacking personal knowledge that reiterated the bases for ONY's legal assertion that the Article is misleading.  The Court should therefore strike these portions of the Supplemental Egan Declaration as containing inappropriate argument.

As discussed in Defendants' brief in support of their Motion to Strike and above, when the statements not based on Dr. Egan's personal knowledge, inadmissible hearsay, and legal argument are removed from the Supplemental Declaration, nothing remains.  Thus, Defendants respectfully request that the Court strike the Egan Supplemental Declaration and not consider any of the hearsay for the truth of the matters asserted in connection with ONY's Motion for Expedited Discovery or Defendants' pending Motions to Dismiss.

DATED:  March 22, 2012                    Respectfully submitted,


                                          /s/  J. Kevin Fee
                                          _____
                                          J. Kevin Fee
                                          **Morgan, Lewis & Bockius LLP**
                                          1111 Pennsylvania Avenue, N.W.
                                          Washington, D.C. 20004
                                          202.739.3000
                                          202.739.3001 Facsimile
                                          jkfee@morganlewis.com

                                          *Attorney for Defendants Cornerstone*
                                          *Therapeutics, Inc., Chiesi Farmaceutici*
                                          *S.p.A, Rangasamy Ramanathan, Jatinder*
                                          *Bhatia, and Krishnamurthy Sekar and as*
                                          *authorized by and on behalf of Defendants*
                                          *American Academy of Pediatrics, Premier,*
                                          *Inc. and Frank Ernst*

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

| |
|---|
| ONY, INC., |
| Plaintiff, |
| v. |
| CORNERSTONE THERAPEUTICS, INC., *et al.* |
| Defendants. |

Case No. 1:11-cv-01027-WMS

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on March 22, 2012, I electronically filed the foregoing Reply in Support of Motion to Strike with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Robert D. Balin
Davis Wright Tremaine LLP
1633 Broadway
27th Floor
New York, New York 10019-6708
*Counsel for Nature America, Inc. and Edward E. Lawson, M.D.*

Mitchell J. Banas , Jr.
JAECKLE FLEISCHMANN & MUGEL, LLP
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, NY 14202−2107
*Counsel for Plaintiff ONY, Inc.*

Matthew C. Crowl
SCHIFF HARDIN LLP
233 South Wacker Drive
Suite 6600
Chicago, IL  60606
(312) 258-5500
*Counsel for Defendant American Academy of Pediatrics*

Lauren Erica Handel
MCDERMOTT WILL & EMERY LLP

340 Madison Avenue
New York, NY 10017-4613
*Counsel for Defendants Premier, Inc. and Frank R. Ernst*

Donall Gerard O'Carroll
Nelson Perel
Webster Szanyi, LLP
1400 Liberty Building
Buffalo, NY 14202
716-842-2800
*Counsel for Nature America, Inc. and Edward E. Lawson, M.D.*


/J. Kevin Fee/